UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERDAU AMERISTEEL US, INC.,

    Plaintiff,

v.                                                CASE NO.: 8:13-cv-3069-T-23EAJ

ACTION ELECTRIC CO., INC.,

    Defendant.
_____/

## **ORDER**

    Departing abruptly from the familiar and comfortable pattern of a typical venue or removal dispute, this action features a Florida plaintiff, Gerdau, which sues in, and insists on, a court of the United States and which resists suing in a Florida state court; this action features a Georgia defendant, Action Electric, which longs to defend in a Florida state court and which resists defending in a court of the United States; and this action further features a venue clause in a pre-printed, standard form contract drafted by the buyer, Gerdau, rather than the seller, Action Electric.

    Not only is the alignment of the parties atypical, but the governing "venue" clause – an ill-conceived and sloppily constructed affair – is stashed away in a contractual section entitled "**GOVERNING LAW**" that provides opaquely, "Venue shall be in Hillsborough County Courts, Florida; said courts to have jurisdiction over the parties." (Doc. 1-1 at 5) This ungrammatical clause, which is written as if "Hillsborough County Courts" is a city in Florida, is open to (at least) three

interpretations. The clause might limit venue to the courts maintained by Hillsborough County, which means either Hillsborough County circuit court or Hillsborough County county court, depending on the amount in controversy. The clause might limit venue to county court in Hillsborough County, an interpretation that effectively limits the plaintiff's claim to $14,999, the jurisdictional maximum for a county court. Or the clause might permit venue in any court situated in Hillsborough County, without regard to the government, state or federal, that established and maintains the court.

Gerdau argues that "[b]ecause the parties' forum selection clause requires venue in Hillsborough County, Florida, and because this Court is located within Hillsborough County, Florida, venue is proper in this Court." (Doc. 6 at 2) Action Electric argues that Gerdau's interpretation renders "Courts" superfluous and that "[b]y adding the word 'Courts' in conjunction with 'County,' the county court system was chosen." (Doc. 8 at 1-2) Each of these arguments is weak or, at least, indecisive. In the alternative, Action Electric argues that "the provision is ambiguous and [must] be construed against the drafter." (Doc. 8 at 3)

Neither party argues that "Hillsborough County Courts, Florida" limits venue to county court in Hillsborough County, perhaps (among other reasons) because the "s" on "Courts" seems somewhat incompatible with an interpretation that limits venue to only one court – that is, an interpretation that selects only the county court to the exclusion of the circuit court or vice-versa. Probably the phrase means either

"courts in Hillsborough County, Florida" or "courts of Hillsborough County, Florida." *See Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) ("Federal district courts may be *in* Texas, but they are not *of* Texas.").

Arguing that the clause means "Venue shall be in Hillsborough County, Florida," Gerdau proffers three citations. Each clause is distinguishable from the clause in this action. Gerdau cites, "Venue shall be proper in Broward County, Florida," *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004), "All claims . . . shall be instituted and prosecuted in Palm Beach County, Florida," *City of W. Palm Beach v. Visionair, Inc.*, 199 F. App'x 768, 770 (11th Cir. 2006), and "[Any action] must be filed in Hillsborough County, Florida," *Chmura v. Monaco Coach Corp.*, 2005 WL 1705469, at *1 (M.D. Fla. July 19, 2005) (Bucklew, J.). Each clause cited by Gerdau specifies a county, accompanied by "in," but fails either to use "of" or to specify a "court." However, the clause in this action states, "Venue shall be in Hillsborough County Courts, Florida . . . ," not "Venue shall be in Hillsborough County, Florida . . . ." The word "Courts" suggests that the clause specifies a certain court (or courts), not merely a certain county. The courts "of" (not merely "in") Hillsborough County are perhaps identified more aptly than a federal court as "Hillsborough County Courts."

"Hillsborough County Courts, Florida" is ambiguous and impervious to confident and informed interpretation. The law visits the burden of ambiguity on the creator of the ambiguity – the drafter. As stated in *Global Satellite Commc'n Co. v.*

- 3 -

*Starmill U.K. Ltd.*, 378 F.3d 1269, 1274 (11th Cir. 2004), "[R]ather than strain to find that one [interpretation] should prevail over another, [the court] must simply construe [the clause] against . . . the drafter." In this action, a construction against Gerdau of this unfortunate clause results in the more specific interpretation, which requires litigation in the courts of Hillsborough County.[*]

The defendant's motion (Doc. 4) is **GRANTED**. This action is **DISMISSED** for improper venue. The clerk is directed to terminate any pending motion and to close the case.

ORDERED in Tampa, Florida, on January 24, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] Among the several reasons for this clause's intractable ambiguity is the drafter's choice to employ the term "venue" in a clause that expresses either an option to choose between, or an accomplished choice between, two courts – one state and one federal – located in the same state, in the same county, and in the same city and located only a few hundred yards apart. Used in a legal context, "venue" more naturally and decisively denotes a choice of geography – between counties or between states, almost always. The notion that the choice between a federal court and a state court, separated by only a few city blocks, is a choice of "venue" is a notion that is awkward and strained nearly to, and perhaps beyond, maximum tolerance.